# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN LEE CARTER,<br><br>  Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>  Defendant. | CASE NO. 08 CV 0895 JM (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED**<br><br>Doc. No. 12 |

On May 16, 2008, Plaintiff filed, after exhausting his administrative remedies, the present complaint for judicial review of the denial of Social Security disability benefits pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) Plaintiff asks this court to reverse the decision to deny benefits, or in the alternative to remand the matter for a new administrative determination. Plaintiff also seeks costs and fees.

The parties filed cross-motions for summary judgment, which were referred to the Honorable Peter C. Lewis, United States Magistrate Judge. Pending before the court is the Report and Recommendation ("R&R") of Judge Lewis, advocating the denial of Plaintiff's motion and granting of Defendant's motion. (Doc. No. 12.) Plaintiff filed no objections to the R&R. After reviewing the R&R, the record in this matter, and the applicable authorities, the court issued an order adopting the order as modified. (Doc. No. 13.) Shortly thereafter, the court, on its own motion, struck that order and the corresponding entry of judgment (Doc. No. 14) in order to independently review a recently issued Ninth Circuit opinion in Vasquez v. Astrue, 2009 WL 1941485 (9th Cir. July 8, 2009). (Doc.

1 No. 15.) Because the R&R squarely addresses the issues raised in Vasquez,[1] the court now **ADOPTS**
2 **the R&R AS MODIFIED** herein.

## I. BACKGROUND

The court hereby incorporates by reference the factual background, procedural background, and the review of the Administrative Record as presented in the R&R, with the following clarifications and additions. (R&R at 2-9.)

Although the R&R mentions Plaintiff claimed he became disabled in 1991, his application was reviewed by the Administrative Law Judge ("ALJ") with an eye toward the relevant start date of March 1, 2004, the date Plaintiff filed his application. It also appears from the record that Plaintiff was incarcerated for much of the time leading up to the review period, and for some portion thereof. In particular, Plaintiff was in custody from at least 1997 to June of 2002, again from August 2003 to early 2004, and finally from June 2005 until early 2006. Although some of the prison medical records were created during the review period, the R&R does not discuss them. The court finds this omission appropriate because none of Plaintiff's arguments directly target the findings or treatments included therein. However, where the medical evidence from Plaintiff's prison records either supports or contradicts the ALJ's decision, the court refers to such evidence in the following discussion.

## II. DISCUSSION

### A. Legal Standards

The duties of the district court in connection with a magistrate judge's R&R are governed by Federal Rule of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] In Vasquez, the Ninth Circuit noted an ALJ's must engage in a two-part test when assessing the credibility of a claimant's testimony regarding subjective pain. Vasquez, 2009 WL 1941485, at *3. Under Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007), the ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." Id. at 1036. If the claimant passes the first hurdle and "there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." Vasquez, 2009 WL 1941485, at *3 (citing Lingenfelter, 504 F.3d at 1036). While the R&R did not cite Lingenfelter, the analysis followed the proper two-part test. The R&R found the ALJ had relied on specific, clear and convincing evidence in discounting the claimant's testimony. (R&R at 13-16.)

1  magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell
2  Douglas Corp. v. Commodore Bus. Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). "If neither
3  party contests the magistrate's proposed findings of fact, the court may assume their correctness and
4  decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979).
5  The magistrate's conclusions of law are reviewed *de novo*, regardless of whether any party filed
6  objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

7  As described by the R&R, the district court is obliged to review the Commissioner's decision
8  to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2)
9  substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th
10 Cir. 1998) (citing Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 575-76 (9th Cir.
11 1988)). The "substantial evidence" threshold is met with "more than a mere scintilla of evidence,"
12 Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975).

14 **B. Analysis**

15 Plaintiff advances five separate arguments in his motion for summary judgment: (1) the ALJ
16 failed to consider Plaintiff's Hepatitis C infection as a severe impairment which created functional
17 limitations; (2) the ALJ gave inadequate weight to the opinion of examining physician, Dr. Vinay
18 Gowda, and medical consultant, Dr. John Meek, which found Plaintiff needed "medical use of a cane"
19 to walk long distances; (3) the ALJ failed to grant controlling weight to the opinions of Plaintiff's
20 treating physician, Dr. Facika Tafara, or to reject those opinions through specific findings based on
21 the record; (4) the ALJ failed to develop the record with respect to Plaintiff's ability to perform the
22 duties of his past work as a janitor; and (5) the ALJ improperly discounted Plaintiff's allegations of
23 disabling pain.

24 *1. Plaintiff's Hepatitis C Infection*

25 Plaintiff contends the ALJ failed to consider Plaintiff's Hepatitis C infection as a substantial
26 impairment at Step Two of the sequential evaluation. The R&R concludes that, because there was no
27 indication Plaintiff even knew he had the disease, and claimed no adverse effects from it, the ALJ had
28 no duty to develop the record further or to consider the infection as a source of disability. The court

agrees and adopts the R&R's analysis and conclusions on this issue.  Additionally, the court notes Plaintiff mischaracterizes the record with respect to any possible functional limitations caused by the infection. First, Plaintiff suggests the medical expert, Dr. Sami Nafoosi, characterized Hepatitis C as "a severe impairment" and his conclusion was uncontradicted in the record. (Mot. at 4.)  However, Dr. Nafoosi said only that Plaintiff's "impairments" included the infection, but clarified that none of his conditions, either alone or in combination, warranted a listing in terms of severity or duration. (A.R. at 589.) Second, while Plaintiff tries to tie the food handling restrictions imposed on him while in prison between August 2003 and June 2005 to his infection, the record clearly reveals the restrictions stemmed from his well-documented seizure chrono. (A.R. at 442 *et seq.*) Third, Plaintiff argues the weakness and lethargy he complained of on one day in September 2000 (A.R. at 529) showed he was impaired by the infection. (Mot. at 5.)  Yet, after his positive Hepatitis C test in September 2000, Plaintiff worked at many different light duty efforts while in prison (laundry worker from July 2001 to March 2002 and truck loading and unloading from July 2000 to February 2001, see A.R. at 202-206) and performed his light janitorial work at GoodWill in 2002 and 2003 (A.R. at 98). There is no indication Plaintiff was at all impaired by his Hepatitis C infection.

Therefore, as noted above, the court adopts the R&R's findings and recommendations and concludes that Plaintiff is not entitled to summary judgment on this claim.

*2. Inadequate Weight Given to Examining Physician Regarding Use of Cane*

Plaintiff suggests the ALJ gave inadequate weight to the opinion of the examining physician, Dr. Gowda, which allegedly found that Plaintiff had a "medical need" to use a cane to assist him in walking long distances. (Mot. at 9.)  Plaintiff seems to imply the ALJ's conclusion that he could perform light work with occasional postural activities and seizure precautions (A.R. 17-18) was somehow contraindicated by his need to use a cane in certain situations.

First, there is no evidence in the record showing Plaintiff was ever prescribed the medical use of a cane. Second, in his examination, Dr. Gowda simply observed that Plaintiff was using a cane for ambulation, but he did provide any opinion as to whether it was medically necessary or not. (A.R. at 271-272.) Furthermore, neither the janitorial work contemplated by the ALJ (A.R. at 21) nor any of the other occupations proposed by the vocational expert (A.R. at 594-595) requires walking "long

distances." Thus, the ALJ did not need to reject the opinions of Drs. Gowda and Meek in order to arrive at her conclusion. The court concludes Plaintiff is not entitled to summary judgment on this issue.

### *3. Inadequate Consideration of Opinion of Treating Physician*

Next, Plaintiff offers that the ALJ failed to grant controlling weight to the May 2004 opinion of Plaintiff's treating physician, Dr. Facika Tafara, that Plaintiff should be limited to "light duty [general relief] work" in a "sit-down job." (A.R. at 268.) In addition, Plaintiff argues the ALJ erred in rejecting Dr. Tafara's opinion without making specific findings based on the record. (Mot. at 15.)

The court finds this issue is fully and accurately reviewed in the R&R. (R&R at 11-13.) The court agrees that, given the lack of evidence of any examinations or on-going treatment by Dr. Tafara, and the significant evidence indicating Plaintiff could engage in general light duty work as described in the decision and the opinions of Drs. Gowda, Meeks, Nafoosi, and Brodsky, the ALJ committed no error in rejecting Dr. Tafara's unsupported conclusions. See Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are...unsupported by the record as a whole"). Further, the court notes Dr. Tafara's brief and unsupported opinion was insufficient to qualify as a "treating physician's opinion," and thus, the ALJ's duty to set forth specific findings as a basis for its rejection was not triggered.

In sum, there was no error in form or substance of the ALJ's rejection of Dr. Tafara's medical opinion that Plaintiff should be subject to greater restrictions than those offered by other examining and consultative physicians. Therefore, Plaintiff's motion for summary judgment on this point is denied.

### *4. Plaintiff's Ability to Perform the Duties of His Prior Janitorial Work*

In his fourth argument, Plaintiff contends the ALJ failed to develop the record with respect to Plaintiff's ability to perform the duties of his past work as a janitor. In particular, Plaintiff suggests his own description of those duties was inconsistent and incomplete, that the ALJ ignored the limitations recommended by Dr. Tafara in making the evaluation, and that the janitorial job did not amount to relevant "substantial gainful activity" because Plaintiff did not make much money from the endeavor. (Mot. at 17-22.)

1    With respect to Plaintiff's attempts to undermine his own credibility, the court adopts the conclusions of the R&R, finding Plaintiff adequately described the duties of his janitorial work with GoodWill. (R&R at 18-19.) In addition, as stated above, the court determines that the ALJ's rejection of Dr. Tafara's statement that Plaintiff should be limited to a sedentary job was reasonable in light of the record. Finally, as the government observes, to qualify as "past relevant work," it must have "lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). Plaintiff worked as a janitor during portions of 2002 and 2003 (A.R. at 98), and was subsequently engaged in similar"portering" work on his return to prison in 2005, so it appears he was employed long enough to learn the skills and duties of the job. The ALJ, relying on the medical evidence in the record and on the testimony of a vocational expert, properly found that Plaintiff's former work would not require activities precluded by his Residual Functional Capacity assessment. (A.R. at 21.) Finally, the court observes that, even if the ALJ had probed insufficiently into the requirements of Plaintiff's former work and his ability to perform them, the vocational expert offered several other employment options in the national and local economies which would be commensurate with Plaintiff's age, experience, and physical capacity. (A.R. at 594-95, 596-97.)

For the reasons set forth in the R&R and in the discussion above, the court concludes Plaintiff is not entitled to summary judgment on this issue.

*5. Improper Rejection of Plaintiff's Allegations of Disabling Pain*

Plaintiff argues the ALJ improperly discounted Plaintiff's allegations of disabling pain in making her assessment of his Residual Functional Capacity. (Mot. at 23-26.) According to Plaintiff, in rejecting his testimony, the ALJ "failed to provide citations to the record and instead used generalized statements...." (Mot. at 24.)

As the R&R points out, objective medical evidence serves as the primary source of information when an ALJ must consider subjective complaints. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)(en banc). Further, a reviewing court must give great weight to an ALJ's assessment of credibility where the ALJ provided adequate basis for that assessment. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985); Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). Notably, while the ALJ must make specific credibility findings which are properly *supported* by the record, Thomas v.

1  Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2001), she is under no duty to provide detailed *citations* to
2  the record as Plaintiff seems to imply. (Mot. at 24.)

3  Here, the R&R provides a thorough and reasoned analysis in support of the ALJ's conclusion
4  that Plaintiff's complaints of disabling pain were not entirely credible. (R&R at 14-16.) In particular,
5  the R&R finds Plaintiff's complaints "are disproportionate with and not supported by the objective
6  and substantial evidence in the record" and concludes the ALJ's decision was supported by specific,
7  clear and convincing evidence from the record. (R&R at 15.) The court wholly adopts the analysis
8  and conclusions presented in the R&R.

9  In addition, the court notes Plaintiff has suffered from seizures since 1978, his seizures are
10 controlled on medication, and there is no indication this condition limited his access to gainful
11 employment. As for Plaintiff's back pain, he repeatedly told physicians he had been diagnosed with
12 "arthritis" by X-ray in 1995, but an X-ray reading from 2000 indicated "no arthritic changes" in either
13 his thoracic or lumbar regions. (A.R. at 515.) Furthermore, Plaintiff did engage in active work during
14 his prison term between 2000 and 2002, well after the 1995 onset of his bouts of lower back pain.
15 (A.R. at 202-206, 255.)

16 The court concludes the ALJ set forth clear and convincing evidence for discrediting Plaintiff's
17 subjective complaints of disabling pain. This evidence was supported by specific evidence in the
18 record and is entitled to deference on review. Thus, Plaintiff is not entitled to summary judgment on
19 this claim.

20 **III. CONCLUSION**

21 In sum, the court **ADOPTS** the conclusions, findings, and recommendations contained in the
22 R&R **AS MODIFIED** herein. Accordingly, Plaintiff's motion for summary judgment is **DENIED**
23 (Doc. No. 9) and Defendant's motion for summary judgment is **GRANTED** (Doc. No. 10).

24 **IT IS SO ORDERED.**

25 DATED: July 30, 2009

26
27 Hon. Jeffrey T. Miller
   United States District Judge

28